Isidor Richmond, by Bessie Richmond, his Guardian ad litem, Respondent, v. Second Avenue Railroad Company, Appellant.

*Damages for injuries — verdict on contradictory evidence — contributory negligence — basis of computation of damage — specific exception necessary.*

In an action brought to recover damages resulting from personal injuries, alleged to have been caused by the negligence of the defendant, where there is no inherent improbability in the version of the accident given by the plaintiff, nor in the statements made by the defendant's witnesses, an appellate court will not decide that the jury erred in believing the plaintiff's version rather than that of the defendant, and the verdict being satisfactory to the trial judge, will not be set aside as being against the weight of evidence.

In such an action, the plaintiff, a boy of sixteen, was injured while alighting from the front platform of a car of the defendant, a railroad company, while carrying bundles weighing fifty pounds. It was claimed that the plaintiff had stepped from the car backwards.

*Held*, that it is contributory negligence to step off backwards from a moving car, unless the party so stepping off is induced to do so by the negligent conduct of the defendant;

That, whether it is negligence or not, for a person to step off a moving car with bundles, is a question of fact for the jury, depending upon the speed of the car, and the circumstances under which the plaintiff attempted to alight.

It is not error for the court to refuse to charge on a mere abstract question having no relation to the case under consideration.

The court charged that the plaintiff was entitled to be compensated for the pain and suffering which he had endured, and for the pecuniary loss which he sustained, to which the defendant excepted, except as to the matter of permanent loss. On appeal, the defendant raised the question that plaintiff's parents were entitled to recover the damages sustained by reason of his diminished ability to earn money during his minority.

*Held,* that the point was not raised by an appropriate exception, as the exception taken did not call to the mind of the trial judge this particular point, and that the question, not having been raised by objection or exception on the trial, could not be raised for the first time on appeal.

Appeal by the defendant, the Second Avenue Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 9th day of March, 1893, upon the verdict of a jury for $9,000 damages, rendered at the New York Circuit, and from an order of the Supreme Court, entered in said clerk's office on the 8th day of March, 1893, denying the defendant's motion for a new trial made upon the minutes.

*Robert Sewell,* for the appellant.

*Maurice Untermyer,* for the respondent.

Follett, J.:

This action was brought to recover damages for personal injuries inflicted while alighting from one of the defendant's cars, caused, as it is alleged, by the negligence of its employees. At the time of the accident, which was about midday on March 28, 1892, the plaintiff, then sixteen years of age, was engaged in selling and delivering chair bottoms. A little before noon of the day mentioned, the plaintiff, with two bundles of chair bottoms united by a strap, by which they were suspended on his shoulder, entered one of defendant's cars at the corner of Forsyth and Grand streets. There were fifty chair seats in each bundle, weighing twenty-five pounds, 100 seats in all, making the total weight fifty pounds. Shortly after entering he was directed by the conductor to ride, with his bundles, on the front platform. He went forward to the platform and rode thereon to Tenth street where it became necessary for him to change, when he was given a transfer ticket and left the car. When the car came along which the plaintiff desired to take he attempted to board it by the rear platform, but was directed by the conductor to go to the front platform, which he did, carrying his bundles with him. He took the bundles from his shoulder and placed them on the platform in front of the driver and near the brake rod. The plaintiff stood on the left side of the driver and rode in that position until the car

passed Eighty-first street, when he took his bundles from the platform and placed the strap over his left shoulder. As the car reached the south crosswalk at the intersection of Eighty-second street and First avenue, the plaintiff told the driver that he wished to get off. His bundles were to be delivered at a hardware store on the west side of First avenue, between Eighty-second and Eighty-third streets. The car was stopped on or near the north crosswalk of Eighty-second street and the plaintiff attempted to alight from the left-hand or west side of the car. His bundles were suspended on his left shoulder and he had hold of the rail of the dashboard with his right hand. Before the plaintiff reached the street the driver loosed the brake and started the horses, which threw the plaintiff's right leg under the car, where it was crushed so that amputation just below the knee became necessary. The foregoing is the plaintiff's account of the accident.

Another person, subpœnaed by both sides and called by the plaintiff, who was riding on the platform at the time of the accident, gave the same account of the transaction, except that he did not hear the plaintiff request the driver to stop, nor did he see the brake applied. He testified that the car stopped at or near the south crossing of Eighty-second street, but he was not certain that it did at the north crossing. He said that he saw the boy preparing to leave the car with his bundles; saw him falling and heard him cry. When he found him his right hand was grasping the dashboard and his leg had been crushed. He said that when he (witness) got off the car it had stopped, but he could not tell how far the boy had been dragged. It was his impression that the car stopped as the boy was getting ready to alight. He also testified that the boy's back was towards the horses when he attempted to leave the car. This is substantially all of the evidence in behalf of the plaintiff descriptive of the accident.

The driver of the car, who was sworn for the defendant, testified that the boy fell backwards from the car just as he attempted to place the bundles on his shoulder, and that the car had not stopped, and that he had not been asked to stop it. When he saw the boy fall he applied the brake, and stopped the car before it had moved more than about three-fourths of its length. He then looked for the boy, and found him lying under the car, with his leg crushed.

The conductor of the car testified that he did not direct the plaintiff to ride on the front platform, and that there was plenty of room for him inside the car. He testified that the car was not stopped until after the boy fell.

A policeman, who was riding on the front platform at the time of the accident, testified that as the car neared Eighty-first street he saw the plaintiff stooping down to get hold of the bundles so as to get off; that he was then standing with one or both feet on the step of the car, and that he fell or stepped off before the car stopped. This is all of the evidence descriptive of the accident.

There was some conflict in the testimony as to the precise point where the plaintiff fell, whether just below or just above the north crosswalk.

The court submitted the question to the jury whether the plaintiff attempted to alight with his bundles while the car was in motion without asking the driver to stop it, and left the questions of the negligence of the defendant's employees, and of the contributory negligence of the plaintiff, fairly to the jury. Whether the plaintiff fell from the car while putting the bundles on his shoulder, or in attempting to leave it while in motion, or whether his fall was caused by the car being started while he was attempting to leave it, were sharp questions of fact which turned entirely upon the credibility of the witnesses. There is no inherent improbability in either version of the accident, and we cannot say that the jury erred in believing the plaintiff's version rather than that of the defendant's witnesses. The verdict being satisfactory to the learned and experienced trial judge we are of the opinion that this court ought not to set it aside as against the weight of evidence.

Did the court err in its instructions or refusal to instruct the jury in respect to the plaintiff's right to recover? The defendant took no exceptions to the charge as delivered, but at its close the usual number of requests, all that could be thought of, were preferred by the respective counsel. We shall consider only those discussed by the appellant.

The court was requested to charge, " that it is contributory negligence to step off a moving car backwards." The court replied: " Unless the party so stepping is induced to do so by the negligent conduct of the defendant. With that qualification I charge the

proposition." The defendant excepted to the qualification. We think the instruction was correct, but there is no evidence which would have justified the jury in finding that the plaintiff attempted to alight from the car in that manner. The defendant's driver testified that the plaintiff stood upon one of the steps and while attempting to place the bundles upon his shoulder fell backwards to the street, and we find no evidence in the record that the plaintiff attempted to leave the car by stepping backwards from it to the street. The defendant requested the court to charge : " That it is. contributory negligence to step off a moving car incumbered with bundles weighing fifty pounds." The court replied : " For me to say that a certain weight would make it contributory negligence is an expression of opinion on the facts of the case. I say to the jury that it would have been contributory negligence for the plaintiff to have stepped off this car with bundles which so incumbered him that he could not exercise or control his movements as well as he could without the bundles." The defendant's counsel excepted to the modification. We think the instruction was more favorable to the defendant than it was entitled to. A person incumbered with small bundles is not able to control his movements in leaving a car as well as he could without bundles. If this instruction is correct it would be negligent for a person to leave a car with bundles which incumbered him in the least. The plaintiff testified, and in this he was not contradicted, that the bundles were so adjusted that he had the free use of both hands and that he held on to the rail of the dashboard with his right hand when leaving the car. Whether it was negligent for the plaintiff to step off a moving car, if it were moving, with his bundles was a question of fact for the jury depending upon the rate of speed of the car and the circumstances under which he attempted to alight.

The court was asked by the defendant to charge : " That no conduct on the part of the driver in any way excuses the action of the plaintiff," which was declined and an exception taken. The refusal of the court to charge this proposition needs no defense. To have charged as requested would have been a palpable error. The defendant also requested the court to charge : " That all the evidence, even the plaintiff's own testimony, is to the effect that the boy fell off while the bundle was being slung over the plaintiff's.

shoulder." The court replied : " You have heard the evidence. I do not propose to express an opinion as to it one way or the other." The defendant excepted. The proposition is not true in point of fact for the plaintiff testified that he did not fall while engaged in putting the bundles on his shoulder ; besides this was a mere request to charge on the evidence, not on a proposition of law. The defendant requested the court to charge : " That if the jury believe the plaintiff's own witness, Silverthau, they must find for the defendant." The court replied : " If you believe from the evidence of the plaintiff's own witness, Silverthau, that the accident occurred through the negligence of the plaintiff, then I charge you, you must render a verdict for the defendant. But I do not charge you that if you believe what Silverthau said you must necessarily find a verdict for the defendant." To this instruction the defendant excepted. This exception is not tenable. Silverthau's evidence, if believed in every particular, did not establish that the defendant was free from negligence, or that the plaintiff by his negligence contributed to the accident. It was not error for the court to refuse to charge : " That it is not any part of the duty of the drivers to assist passengers to alight, and failure to do so is not negligence." This is a mere abstract question having no relation to the case, for it was not asserted, as a ground of negligence, that the driver refused to assist the plaintiff to alight. On the contrary, the plaintiff testified that he did not ask for and did not need assistance. The foregoing are all of the exceptions to the charge relating to the right of recovery which are discussed by the appellant, and we find no errors. The plaintiff testified that before the accident he earned in his business seven or eight dollars a week, but that since he had been able to earn but little. Upon the question of damages the court charged : That the plaintiff was entitled to be compensated " for the pain and suffering he has endured and for the pecuniary loss which he has sustained." The defendant's counsel took the following exception to that instruction : " I except to all that except the permanent loss." He now seeks to raise the question that the plaintiff's parents were entitled to recover the damages sustained by reason of his diminished ability to earn money during his minority. We think that this question is not raised by an appropriate exception. The exception quoted did not call to the mind of the trial judge the

point that the parents of the plaintiff were entitled to recover for the diminished earning power of the boy from the time of the accident until he should arrive at majority, nor was any objection made to the reception of the evidence upon which the instruction was based.

There is no evidence in the case that the plaintiff's father is living. It appears, however, incidentally that his mother is living. She is his guardian *ad litem*, and the plaintiff in his testimony referred to the fact that he lived with his mother, but whether he had been emancipated or not does not appear, and the question that the plaintiff was not entitled to recover for his diminished earning power during his minority cannot be raised for the first time on appeal.

The verdict, $9,000, is a large one, and the interest upon it at the legal rate produces $540 per year, which is much more than the earning power of the plaintiff, according to his own testimony. How much he might be able to earn in the future had he not been injured cannot be ascertained, and there is no legal presumption that he would have continued to earn as much as he testified he was earning at the time of the accident. (*Phillips* v. *London & Southwestern Railway Co.,* 5 C. P. Div. 291.) His ability to earn an income or acquire property might be wholly destroyed, or diminished by sickness, by accident or by some of the vicissitudes of life, and his damages should not be assessed upon the theory that he might engage in the future, had he not been injured, in a more lucrative vocation than the one in which he was employed at the time of the accident. (*Richmond & Danville Railroad Co.* v. *Elliott,* 149 U. S. 266.) In a sense no sum of money is adequate compensation for the loss of a leg and the suffering incident thereto. Notwithstanding, the amount must be limited, otherwise the consequences of the negligence of servants might be ruinous to defendants.

I think the verdict is larger than should have been given under the evidence in this case, and that it should be reduced, but as my associates differ with me on this question, although agreeing on all the others, the judgment must be affirmed, with costs.

O'BRIEN and PARKER, JJ., concurred.

Judgment affirmed, with costs.